IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2010

## STATE OF TENNESSEE v. JAMES ADAM CONARD

**Appeal from the Criminal Court for Knox County**
**Nos. 91492, 92667      Richard R. Baumgartner, Judge**

**No. E2009-02599-CCA-R3-CD - FILED OCTOBER 21, 2010**

The defendant, James Adam Conard, appeals the Knox County Criminal Court's revocation of his probation in one case and the denial of alternative sentencing in a second case. The result of the trial court's actions is a nine-year effective sentence to be served in the Department of Correction. Upon review, we affirm the order and judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Keith Lee Leiberman, Knoxville, Tennessee, for the appellant, James Adam Conard.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Randall E. Nichols, District Attorney General; and TaKisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In case number 91492, the defendant pleaded guilty on July 10, 2009, to a charge of aggravated assault and to certain misdemeanor charges, and he agreed to serve an effective three-year sentence on probation. The record indicates that the victim of the various offenses was the defendant's girlfriend.

On August 14, 2009, the State filed a violation of probation affidavit that alleged that the defendant was arrested on August 12, 2009, for an August 3 aggravated assault and aggravated rape, that the defendant failed to report the arrests, and that he tested positive for consumption of marijuana and oxycontin on August 3, 2009.

Apparently, the new arrests culminated in case number 92667, wherein the defendant pleaded guilty on November 12, 2009, to two other charges of the aggravated assault of his girlfriend. In case number 92667, the trial court imposed an incarcerative, effective sentence of six years to be served consecutively to the sentence in case number 91492.

The trial court also conducted a revocation hearing on November 12, 2009. The hearing consisted of arguments of counsel relative to the consequences of the defendant's violation of probation. The defendant's counsel alluded to a Community Alternatives to Prison Program (CAPP) report that stated that the defendant would be accepted into the CAPP if he completed an approved in-patient program followed by placement in an approved half-way house. Counsel stated that arrangements had been made for the defendant to enter these programs. The assistant district attorney general argued that unless the defendant were incarcerated, he would continue to assault the victim.

The trial court found that the defendant needed "to grow up" and that he posed a threat to the safety of the victim and to that of the community at large. The court revoked the probation and ordered the defendant to serve his sentences in case number 91492 in the Department of Correction. The trial court filed its order of revocation on November 23, 2009, and the defendant filed a timely notice of appeal.

In this appeal, the defendant claims that the trial court erred by ordering him to serve his sentences in confinement rather than in the CAPP. He challenges the order of confinement relative to his effective three-year sentence that was originally suspended in case number 91492. He also challenges the trial court's sentencing him to confinement for his effective six-year sentence in case number 92667.

First, we see no basis for disturbing the trial court's decision to order confinement in case number 91492 in response to the conceded violation of probation.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant claims, in part, that the trial court erroneously based its decision to order confinement upon its mistaken belief that the defendant had been ordered in July 2009 to have no contact with the victim. He also argues that a placement in the CAPP had been recommended and arranged. Despite these claims, however, the record evinces a solid basis not only for revoking probation but also for ordering confinement. The ink was hardly dry on the July 2009 suspended sentence orders when the defendant committed similar offenses against the same female victim. We need look no further to discern a basis for the trial court's exercise of its discretion to imprison the defendant in case number 91492.

Next, we consider the six-year incarcerative, effective sentence in case number 92667. The defendant claims that the imposition of confinement for this sentence was likewise error for the same reasons cited in the revocation case. In his brief, he asks the court to review the trial court's sentencing activity.

Some procedural anomalies attend this claim. The defendant challenges only the failure to award an alternative sentence, and nothing in the record belies the State's claim in its brief that the defendant agreed to the effective six-year sentence on November 12, 2009, and submitted the manner of service to the trial court. At any rate, his appellate complaint relates only to the manner of service. More perplexing is the question whether the revocation hearing summarized above also served as the sentencing hearing in case number 92667. Nothing in the November 12, 2009 hearing transcript or in the resulting order says that; indeed, the hearing transcript refers to the defendant's appearance before the court earlier in the day, November 12, 2009. The judgments in case number 92667 were entered on November 12, 2009. In the transcript of the revocation hearing, the trial judge does not make the customary references to the sentencing law. Although we therefore suspect that the sentencing hearing transcript is absent from the appellate record, the State does not claim that the sentencing decision should be presumed correct based upon a failure of the defendant to provide an adequate record. Accordingly, we will review the decision to deny alternative sentencing.

When considering a challenge to the manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). Our case law has long held that the presumption of correctness "'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Carter*, 254 S.W.3d at 344; *Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the

factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing alternatives by considering:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
>
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

Relative to the defendant's aggravated assault convictions, he is considered a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6) (2006). "[F]avorable status consideration," however, does not equate to a presumption of such status.

*Carter*, 254 S.W.3d at 347.

As the recipient of a sentence of ten years or less, the defendant is also eligible for probation. *See* T.C.A. § 40-35-303(a). He bore the burden, however, of establishing his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

We review the manner of service of the sentence in this case without a presumption of correctness due to the lack of any trial court reference to the principles and factors of sentencing. Nevertheless, the record supports the denial of alternative sentencing.

The defendant had just been placed on probation on July 10, 2009, in case number 91492 when he committed the offenses in case number 92667 on August 3, 2009. On that date, while on probation, he also tested positive for the use of marijuana and oxycontin. The August 3 offenses, like the previous offenses, were assaults committed against the same female victim. Confinement may be ordered when "[m]easures less restrictive . . . have frequently *or recently* been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1)(C) (emphasis added). Alternative sentencing had been afforded the defendant approximately three weeks before he committed the offenses that occasioned the sentences now under review. Clearly, measures less restrictive than confinement had been recently applied and had been applied unsuccessfully.

In view of the foregoing analysis, we affirm the order and judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE